J-S69033-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| GURINDER SINGH, | |
| Appellant | No. 437 EDA 2015 |

Appeal from the PCRA Order of January 9, 2015
In the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0002760-2012

BEFORE:  GANTMAN, P.J., FORD ELLIOTT, P.J.E., AND OLSON, J.

MEMORANDUM BY OLSON, J.:                    **FILED DECEMBER 29, 2015**

Appellant, Gurinder Singh, appeals *pro se* from the order entered on January 9, 2015, dismissing his petition filed under the Post-Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  Although both the PCRA court and the Commonwealth contend that Appellant is entitled to relief, we are constrained to affirm the order of the PCRA court.

The PCRA court has ably summarized the facts and procedural posture underlying this appeal.  As the PCRA court explained:

> On February 24, 2012, [Appellant] was arrested and charged with, *inter alia*, first-degree murder and third-degree murder in connection with the death of his wife. . . .
>
> On April 30, 2012, a preliminary hearing was held and Mr. Scott Kramer, Esquire represented [Appellant].  On May 10, 2012, Appellant was arraigned. . . .  On December 4, 2012, Appellant entered a non-negotiated guilty plea to third-degree murder.  On January 23, 2013, the [trial] court held

a sentencing hearing. At the hearing, the Commonwealth asked the court to sentence Appellant to a period of state incarceration of 20 to 40 years. Appellant's counsel requested the court [to] sentence Appellant toward the bottom of the standard [sentencing] range. On January 23, 2013, the [trial] court sentenced Appellant to [serve 15 to 30 years in prison, followed by five years of probation].

On [Tuesday,] February 5, 2013, [(or, 13 days after Appellant was sentenced)] Appellant's plea counsel filed a[n untimely] motion for reconsideration of sentence[. **See** Pa.R.Crim.P. 720(A)(1) ("a written post-sentence motion shall be filed no later than 10 days after imposition of sentence"). The trial court denied Appellant's post-sentence motion in an order entered] on March 4, 2013. [Trial Court Order, 3/4/13, at 1.] Appellant never filed a timely notice of appeal to the Superior Court. However, on October 11, 2013, Appellant's plea counsel filed an untimely notice of appeal at 2878 EDA 2013, which was ultimately withdrawn by plea counsel on November 26, 2013.

On March 3, 2014, Appellant filed a *pro se* PCRA petition alleging[,] *inter alia*[,] that plea counsel [was ineffective because he] failed to file a timely notice of appeal. On March 5, 2014, an order was entered appointing Steve Molineux, Esquire [(hereinafter "Attorney Molineux")] as PCRA counsel.

PCRA Court Opinion, 3/30/15, at 2-3 (some internal citations and capitalization omitted).

On November 5, 2014, Attorney Molineux filed a "no merit" letter and a petition to withdraw as counsel, pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). On November 26, 2014, the PCRA court entered an order granting Attorney Molineux's petition to withdraw as counsel and providing Appellant with notice that it intended to dismiss Appellant's PCRA

petition in 20 days, without holding a hearing. PCRA Court Order, 11/26/14, at 1; *see also* Pa.R.Crim.P. 907(1). On January 9, 2015, the PCRA court entered an order dismissing Appellant's PCRA petition without a hearing.

Appellant filed a timely, *pro se* notice of appeal from the PCRA court's dismissal order and Appellant has filed a *pro se* brief to this Court.[1] We now affirm the dismissal of Appellant's untimely PCRA petition.

As our Supreme Court held, we "review an order granting or denying PCRA relief to determine whether the PCRA court's decision is supported by evidence of record and whether its decision is free from legal error." *Commonwealth v. Liebel*, 825 A.2d 630, 632 (Pa. 2003).

The PCRA contains a jurisdictional time-bar, which is subject to limited statutory exceptions. This time-bar demands that "any PCRA petition, including a second or subsequent petition, [] be filed within one year of the date that the petitioner's judgment of sentence becomes final, unless [the] petitioner pleads [and] proves that one of the [three] exceptions to the timeliness requirement . . . is applicable." *Commonwealth v. McKeever*, 947 A.2d 782, 785 (Pa. Super. 2008); 42 Pa.C.S.A. § 9545(b). Further,

_____

[1] In its opinion, the PCRA court requests that we remand the case so that Appellant's direct appeal rights could be reinstated *nunc pro tunc*. PCRA Court Opinion, 3/30/15, at 3. The Commonwealth filed a brief in response to Appellant's brief, and also suggested that this Court should remand this case to the PCRA court for an evidentiary hearing on the alleged denial of Appellant's direct appeal rights. Commonwealth's Brief, at 5. Unfortunately, because Appellant's PCRA petition was untimely, we cannot do as the PCRA court and the Commonwealth request.

since the time-bar implicates the subject matter jurisdiction of our courts, we are required to first determine the timeliness of a petition before we consider the underlying claims. *Commonwealth v. Yarris*, 731 A.2d 581, 586 (Pa. 1999). Our Supreme Court explained:

> the PCRA timeliness requirements are jurisdictional in nature and, accordingly, a PCRA court is precluded from considering untimely PCRA petitions. *See*, *e.g.*, *Commonwealth v. Murray*, 753 A.2d 201, 203 (Pa. 2000) (stating that "given the fact that the PCRA's timeliness requirements are mandatory and jurisdictional in nature, no court may properly disregard or alter them in order to reach the merits of the claims raised in a PCRA petition that is filed in an untimely manner"); *Commonwealth v. Fahy*, 737 A.2d 214, 220 (Pa. 1999) (holding that where a petitioner fails to satisfy the PCRA time requirements, this Court has no jurisdiction to entertain the petition). [The Pennsylvania Supreme Court has] also held that even where the PCRA court does not address the applicability of the PCRA timing mandate, th[e court would] consider the issue *sua sponte*, as it is a threshold question implicating our subject matter jurisdiction and ability to grant the requested relief.

*Commonwealth v. Whitney*, 817 A.2d 473, 475-476 (Pa. 2003).

In the case at bar, Appellant was sentenced in open court on January 23, 2013; Appellant then filed an untimely post-sentence motion on Tuesday, February 5, 2013. Given that Appellant's post-sentence motion was untimely, the filing of the post-sentence motion did not toll the time-period for filing a notice of appeal to this Court. Pa.R.Crim.P. 720(A)(3); *Commonwealth v. Green*, 862 A.2d 613, 618 (Pa. Super. 2004) (*en banc*) ("where the defendant does not file a timely post-sentence motion, there is no basis to permit the filing of an appeal beyond 30 days after the

imposition of sentence"); *see also* Pa.R.Crim.P. 720 cmt. ("[i]f no timely post-sentence motion is filed, the defendant's appeal period runs from the date sentence is imposed"). Appellant was thus required to file his notice of appeal "within 30 days of imposition of sentence" – or, by February 22, 2013. Pa.R.Crim.P. 720(A)(3); Pa.R.A.P. 903(a). Appellant did not do so.

Since Appellant did not file a timely post-sentence motion or a timely notice of appeal in this case, Appellant's judgment of sentence became final at the end of the day on February 22, 2013. Pa.R.A.P. 903(a); 42 Pa.C.S.A. § 9454(b)(3). Appellant then had until Monday, February 24, 2014 to file a timely PCRA petition. 42 Pa.C.S.A. § 9545(b). As Appellant did not file his PCRA petition until March 3, 2014, the current petition is manifestly untimely and the burden thus fell upon Appellant to plead and prove that one of the enumerated exceptions to the one-year time-bar applied to his case. *See* 42 Pa.C.S.A. § 9545(b)(1); *Commonwealth v. Perrin*, 947 A.2d 1284, 1286 (Pa. Super. 2008) (to properly invoke a statutory exception to the one-year time-bar, the PCRA demands that the petitioner properly plead all required elements of the relied-upon exception).

Here, Appellant claims to invoke the "after-discovered facts" exception to the time-bar. This statutory exception provides:

> (1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:
>
> . . .

> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence[;]
>
> . . .
>
> (2) Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented.

42 Pa.C.S.A. § 9545(b).

Thus, to properly invoke the after-discovered facts exception, the petitioner is statutorily required to file his petition "within 60 days of the date the claim could have been presented." **Id.** As our Supreme Court has explained, to satisfy this "60-day requirement," a petitioner must "plead and prove that the information on which he relies could not have been obtained earlier, despite the exercise of due diligence." **Commonwealth v. Stokes**, 959 A.2d 306, 310-311 (Pa. 2008); **Commonwealth v. Breakiron**, 781 A.2d 94, 98 (Pa. 2001). Moreover, because the "60-day requirement" of section 9545(b)(2) is a statutory mandate, the requirement is "strictly enforced." **Commonwealth v. Monaco**, 996 A.2d 1076, 1080 (Pa. Super. 2010).

Within Appellant's PCRA petition, Appellant claims that his plea counsel was ineffective for failing to file a timely notice of appeal from Appellant's judgment of sentence and then "l[ying to Appellant] that he ha[d] filed" the notice of appeal. Appellant's *Pro Se* PCRA Petition, 3/3/14, at 5. As

evidence of this ineffectiveness, Appellant attached the following exhibits to his PCRA petition:

- 1) A letter from Appellant's plea counsel to Appellant, dated August 1, 2013, wherein Appellant's plea counsel informed Appellant that a notice of appeal had been filed in the case. Appellant's "Exhibit A," at 1;

- 2) A letter from the Superior Court of Pennsylvania's Office of the Prothonotary to Appellant, dated September 16, 2013, informing Appellant that "a review of [the Superior Court] dockets does not reveal that a notice of appeal has been forwarded to this office in" Appellant's case. Appellant's "Exhibit B," at 1;

- 3) A letter from Appellant's plea counsel to Appellant, dated October 11, 2013, wherein Appellant's plea counsel stated: "I received your correspondence regarding the matter of *Commonwealth v. Singh*. . . . I cannot find a copy of the Notice of Appeal that I filed approximately 8 ½ months ago. I have enclosed a copy of a new notice that I filed on your behalf." Appellant's "Exhibit C," at 1;

- 4) A letter from Appellant's plea counsel to Appellant, dated December 2, 2013, informing Appellant: "Kindly be advised that your Appeal in the matter of *Commonwealth v. Singh* has been withdrawn. In order to have your Appeal formally re-instated, you must file a post-

conviction relief act petition asking for your Appellant [sic] Rights to be reinstated." Appellant's "Exhibit F," at 1; and,

- 5) A *per curiam* order from the Pennsylvania Superior Court in **Commonwealth v. Singh**, ___ A.3d ___, 2878 EDA 2013 (Pa. Super. 2013), which was entered on November 25, 2013, declaring: "[u]pon consideration of Appellant's "Petition to Withdraw Notice of Appeal," filed by [Appellant's plea counsel], the appeal is WITHDRAWN without prejudice to Appellant's right to apply for relief in the trial court *via* the [PCRA]." Appellant's "Exhibit G," at 1.

From the above, it is apparent that – at the latest – it was on or about December 2, 2013, that Appellant became aware of the fact that his plea counsel had failed to file a timely notice of appeal from the judgment of sentence and then "lied [to Appellant] that he ha[d] filed" the notice of appeal. Appellant's *Pro Se* PCRA Petition, 3/3/14, at 5. Indeed, Appellant's own evidence demonstrates that, on December 2, 2013, Appellant's plea counsel wrote a letter to Appellant, informing Appellant that the notice of appeal had been withdrawn and that, for Appellant to have his direct appeal rights reinstated, Appellant needed to "file a post-conviction relief act petition asking for [his] [appellate] rights to be reinstated." Appellant's "Exhibit F," at 1 (some internal capitalization omitted).

Appellant did not file his PCRA petition within one year of the date that his judgment of sentence became final or within 60 days of learning that his

plea counsel had failed to file a timely notice of appeal on his behalf. As such, Appellant's PCRA petition is manifestly untimely and our "courts are without jurisdiction to offer [Appellant] any form of relief." ***Commonwealth v. Jackson***, 30 A.3d 516, 523 (Pa. Super. 2011). We must therefore conclude that the PCRA court properly dismissed Appellant's PCRA petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/29/2015